IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN T. FLETCHER, #161063      *
        Plaintiff,
        v.                               *      CIVIL ACTION NO. WMN-11-649

STATE OF MARYLAND, *et al*.      *
        Defendants.
                                     ***

## **MEMORANDUM**

Warren Fletcher ("Fletcher"), a Maryland Division of Correction inmate, filed a cause of action complaining that personnel at the North Branch Correctional Institution ("NBCI") had tampered with his attempts to mail and file a court-ordered supplement in his federal civil rights case, *Fletcher v. State, et al.*, Civil Action No. WMN-10-3314 (D. Md.). Specifically, he claims that NBCI personnel "confiscated his legal documents" related to the original complaint in that case. Fletcher further asserts that necessary legal copy work sent to case management personnel was withheld more than ten days when the case manager went on vacation before copying the work and returning it to Fletcher. Finally, he alleges that he submitted two supplements, but contends that one was either not mailed or was only partially mailed. ECF No. 1.

Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on August 31, 2011. ECF No. 21. Fletcher filed an Opposition and also prays a jury trial.[1] ECF

---

[1] On September 30, 2011, Fletcher filed a Motion for Trial by Jury, dated September 17, 2011. ECF No. 23. Under Rule 38(b), a party must make a written demand for a jury trial, and the written jury demand must be served on the other party between the filing of the Complaint and fourteen days after the service of the last pleading directed to the issue triable by a jury. The term "last pleading" refers to a pleading which contests the issue triable by a jury, such as an answer to a Complaint or a reply to a counterclaim. *See Donovan v. Travelers Trash Co.,* 599 F.Supp. 43, 44 (E.D. N.C. 1984). Finally, the written jury demand and the certificate of service must be filed with the Court as required by Fed. R. Civ. P. 5(d) within a reasonable time. As Fletcher's Motion was dated and filed in an untimely manner, it shall be denied.

Nos. 23 & 24.  No hearing is deemed necessary and the case may be determined on the papers and exhibits before the Court.  *See* Local Rule 105.6. (D. Md. 2011).

Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to….the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Fletcher's claims, pared down to their essentials, are that Defendants confiscated his legal

documents related to Civil Action No. WMN-10-3314, including Behavior Management Program ("BMP") committee meeting minutes; failed to copy legal work in a timely manner as urgently requested; and tampered with his outgoing legal mail involving his attempts to file court-ordered supplements.

In their dispositive Motion, Defendants claim that Fletcher sought and was granted additional time to file his supplemental materials in Civil Action No. WMN-10-3314 and did in fact file a number of supplemental complaints. ECF No. 21. Some Defendants affirm that they neither confiscated legal materials, harassed or threatened Fletcher in any manner, nor failed to provide him necessary legal copy work. *Id*., Ex. Nos. 3-6. The exhibits show that Fletcher repeatedly made a number of copy work requests at NBCI and, in response, personnel provided him a large number of photocopies. *Id*., Ex. No. 2. Defendants acknowledge that on March 15, 2011, the contents of Fletcher's requested copy work was examined and it was discovered that it included retained copies of BMP committee minutes of meetings involving other inmates. This is not permissible, and the information was considered contraband and provided to case management personnel. *Id.*

In his Opposition, Fletcher accuses a number of Defendants with perjury. He maintains that his legal paperwork was confiscated by Officer Lahrue on December 20, 2010, pursuant to the orders of Sgt. Smith. ECF No. 24 at pgs. 3-4. He claims that the BMP meeting minutes taken were not confidential, but were taken from exhibits filed in another federal case. Fletcher next claims that his "urgent" photocopy request was submitted on December 22, 2010, but the materials were not copied and returned within 10 days. *Id*., at pgs. 6-7. He states that the aforementioned action was retaliatory in nature. Fletcher additionally contends that legal mail sent by this Court was stolen. ECF No. 24, pg. 9. He accuses staff of falsifying information as to his administrative remedies. *Id*., pgs. 9-10. Fletcher complains that personnel denied him access to the courts due to the confiscation

of his materials. *Id.*, pgs. 14-17.

The Court has examined the briefing filed by all parties, and for reasons to follow, finds no constitutional violations.

Inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). The Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).   According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. The requirement of "actual injury" has been held to mean the deprivation of legal materials "actually prevented [plaintiff] from meeting deadlines, or otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts." *Oswald v. Graves,* 819 F.Supp. 680, 683 (E.D. Mich. 1993).

Fletcher's access-to-courts claims are straightforward: he contends that Defendants tampered with his outgoing mail and failed to provide him copy work in an expedited fashion so as to impede with his ability to comply with this Court's order to file a Supplemental Complaint. In confirming Defendants' affirmations, the Court record shows that Fletcher did submit and file a number of supplemental complaints in his federal civil rights case. *See Fletcher v. State, et al*., Civil Action No. WMN-10-3314 (D. Md.), ECF Nos. 6, 8, 10, 11, & 17. While there may be some question as to

4

delays by NBCI staff in the mailing of the supplements,[2] the Court accepted those supplements as timely filed and considered them when examining Fletcher's claims.  In any event, Fletcher provides no evidence showing he was adversely affected by Defendants' alleged interference.  Therefore, without evidence of an actual injury, this claim must be dismissed.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, construed as a motion for summary judgment, will be granted.  A separate Order shall be entered forthwith.

/s/

William M. Nickerson
Senior United States District Judge
February 29, 2012

---

[2]  The record shows that the filings were, at times, received one to four weeks after they were dated.